UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCO MANGIANFICO, | * |
| Plaintiff, | * |
| v. | * C.A. No. 19-10490-ADB |
| JOSEPH STANTON, Appeals Clerk, | * |
| Defendant. | * |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons set forth below, the Court (1) grants the plaintiff's motion for leave to proceed *in forma pauperis*; (2) denies the plaintiff's emergency motion; and (3) directs the plaintiff to show cause why this action should not be dismissed.

I. BACKGROUND

On March 14, 2019, *pro se* plaintiff Franco Mangianfico of Lynn, Massachusetts, filed a complaint naming as defendant the Clerk of Court for the Massachusetts Appeals Court. *See* Complaint ("Compl."), Dkt. No. 1. With his complaint, Mangianfico filed an Application to Proceed without Prepayment of Fees and Affidavit. *See* Dkt. No. 2. On March 18, 2019, he filed an emergency motion seeking a stay. *See* Dkt. No. 4.

In his complaint, Mangianfico alleges that he "is over 65 [and that] has been deprived of his civil right to proceed with [a] filed appeal." *See* Compl., ¶ IV. For relief, he seeks damages for such violation. *Id.* The civil cover sheet indicates that Mangianfico seeks to remove "2018-P-1603" from state court to this federal court. *See* Civil Cover Sheet, Dkt. No. 1-1 at ¶ V (removed from state court), ¶ VIII (related cases).

Mangianfico's emergency motion is titled as a "<u>Writ</u> <u>of</u> <u>Mandamus</u>" and seeks an "Emergency Stay of "all" lower court [proceedings, including the] <u>Appeal</u> <u>Court</u>." *See* Dkt. No. 4, p. 1 (emphasis in original). Mangianfico explains that the landlord breached the lease and that, to date, he and his elderly aunt have placed almost $17,000 in escrow and paid over $23,4000 in rent over fourteen months. *Id.* at p. 3. He complains that the "lower Housing Court gave an Arbitrary Order; which can't be complied; impractical and intention to deprive Appeal." *Id.* at p. 2. Mangianfico seeks to have this federal court "hear and review the Complaint that the Appeals Court Clerk has committed an unlawful order; and further review by Appeals Court has granted jurisdiction back to the "Lower Court" housing court." *Id.* at p 4.

## II.     IN FORMA PAUPERIS

Upon review of Mangianfico's motion for leave to proceed *in forma pauperis*, the Court concludes that he is without income or assets to pay the $400.00 filing fee. The motion is therefore granted.

## III.    SCREENING OF THE ACTION

When a plaintiff seeks to file a complaint without prepayment of the filing fee, a summons does not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss a complaint if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a claim for recovery that is " 'plausible on its face." *Eldredge v. Town of Falmouth*, 662 F.3d 100, 104 (1st Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. at 678 (quotation marks omitted)). A plaintiff's complaint need not provide an exhaustive factual account, only a short and plain statement. Fed.R.Civ.P. 8(a). However, the allegations must be sufficient to identify the manner by which the defendant subjected the plaintiff to harm and the harm alleged must be one for which the law affords a remedy. *Iqbal,* 556 U.S. at 678. Legal conclusions couched as facts and "threadbare recitals of the elements of a cause of action" will not suffice. *Iqbal*, 556 U.S. at 678. *See also Ocasio–Hernandez v. Fortuno–Burset*, 640 F.3d 1, 12 (1st Cir. 2011).

In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding *pro se*. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).

## IV.    DISCUSSION

### A.    Pleading Requirements of Rule 8

As an initial matter, the complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. A *pro se* litigant's obligation to comply with the Federal Rules of Civil Procedure includes the requirement that a complaint complies with the "short and plain statement" requirement." *See Koplow v. Watson*, 751 F. Supp.2d 317 (D. Mass. 2010) (dismissing *pro se* complaint for failing to comply with Rule 8). Here, the pertinent

allegations against the defendant state, in a conclusory fashion, that plaintiff's right to due process was violated. Here, the unspecified actions taken by the clerk impacted Mangianfico's ability to proceed with an appeal from housing court.

B.  **Rooker-Feldman doctrine**

Next, federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). Consequently, a plaintiff who seeks to bring his suit in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction. *See Gordo-González v. United States*, 873 F.3d 32, 35 (1st Cir. 2017).

To the extent Mangianfico challenges the validity and lawfulness of rulings and judgments entered by the state courts, this federal court lacks subject matter jurisdiction over such claims because, under the *Rooker-Feldman* doctrine, a federal district court does not have jurisdiction over claims that seek, in essence to overturn state court judgments. *See Geiger v. Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 65 (1st Cir. 2008). The *Rooker–Feldman* doctrine "means in a nutshell that a federal court below the United States Supreme Court does not have jurisdiction over a claim that seeks in essence to overturn a state court judgment. Instead, the proper avenue for such a challenge is to the state's highest court and from there to the United States Supreme Court." *Bradbury v. GMAC Mortg., LLC*, 780 F.Supp.2d 108, 113 (D. Me. 2011); *see Davison v. Gov't of Puerto Rico–Puerto Rico Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006) ("[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment."). Thus, this federal court lacks jurisdiction to review the decisions of the state courts.

4

C. *Younger* **Abstention doctrine**

Moreover, this Court lacks subject matter jurisdiction under the *Younger* abstention doctrine, which addresses the circumstances under which a federal court should abstain given the pendency of parallel state court proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). In determining whether to abstain, a court must first determine if the parallel state court proceeding is the qualifying type of proceeding; second, determine if there is ongoing state judicial proceeding that implicates "important state interests and provides an adequate opportunity to raise federal defenses," and third, determine whether any of the exceptions to Younger abstention apply. *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 192-193 (1st Cir. 2015).

D. **Quasi-Judicial Immunity**

To the extent Mangianfico brings this action pursuant to 42 U.S.C. § 1983, the defendant clerk is protected, in his individual capacity, against all federal claims for damages based upon absolute quasi-judicial immunity. Under the well-established doctrine of judicial immunity, "a judge is immune from a suit for money damages" as long as the relevant actions were "taken in the judge's judicial capacity" and were not "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991) (involving action under Section 1983). "[T]he immunity accorded to judges 'extends to other officers of government whose duties are related to the judicial process.'" *Sullivan v. Kelleher*, 405 F.2d 486, 487 (1st Cir. 1968) (quoting *Barr v. Matteo*, 360 U.S. 564, 569 (1959)). When extended to other officials, the immunity is called quasi-judicial immunity, and it "provides absolute immunity for those who perform tasks that are inextricably intertwined with the judicial function," *Nystedt v. Nigro*, 700 F.3d 25, (1st Cir. 2012), which has been defined as the adjudication of disputes between parties, *Antoine v. Byers & Anderson*, 508 U.S. 429, 435 (1993). Court clerks perform tasks that are inextricably

intertwined with the adjudication of disputes, and courts, including the First Circuit, have recognized that they may be entitled to quasi-judicial immunity. *See, e.g., Sindram v. Suda*, 986 F.2d 1459, 1460-61 (D.C. Cir. 1993) ("clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process"); *Sullivan*, 405 F.2d at 487 (finding a state court clerk immune from a suit for damages under § 1983 and tort law, which was predicated on allegations that "the court of which at the time he was clerk entered a default judgment evicting [the plaintiff] from his rented residence . . . without giving him [sufficient] legal notice"; and noting that plaintiff conceded state court had general jurisdiction over subject matter of action at issue). The immunity applies, "no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive." *Brown v. Newberger*, 291 F.3d 89, 94 (1st Cir. 2002) (quotation omitted).

To the extent Mangianfico seeks a stay of the state court proceedings, the language of 42 U.S.C. § 1983, as amended by the Federal Courts Improvement Act of 1996, "specifically bars this type of injunctive relief against state court judges." *Nollet v. Justices of Trial Court of Mass.*, 83 F.Supp.2d 204, 210 (D. Mass. 2000).

### E.   Removal of State Court Actions to Federal Court

Finally, there is no basis for Mangianfico to remove his state court action to federal court. The statutory provisions governing the procedures for removal of state court actions to federal court are set out in 28 U.S.C. §§ 1441–1452. By the clear language of the removal statutes, Mangianfico may not remove this action to federal court, regardless of whether he seeks to assert civil rights claims against the clerk of the Massachusetts Appeals Court.

V.  **CONCLUSION**

Accordingly:

1. The motion for leave to proceed *in forma pauperis* [Dkt. No. 2] is GRANTED.

2. The emergency motion [Dkt. No. 4] is DENIED.

3. The plaintiff must, within twenty-one days of the date of this order, show cause in writing why this action should not be dismissed for the reasons stated above. Failure to do so will result in dismissal of the action. The show cause response may be in the form of an amended complaint or legal memorandum.

**SO ORDERED.**

March 20, 2019 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE