UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANCO MANGIANFICO,

    Plaintiff,

v.

JOSEPH STANTON, Appeals Clerk,

    Defendant.

C.A. No. 19-10490-ADB

ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

BURROUGHS, D.J.

On March 30, 2019, plaintiff Franco Mangianfico was granted leave to proceed *in forma pauperis* and was directed to show cause why this action should not be dismissed. *See* Docket No. 5. On April 1, 2019, Mangianfico filed an Amended Complaint. *See* Docket No. 9. He subsequently filed two further amendments, with exhibits. *See* Docket Nos. 10-11. On May 17, 2019, the court dismissed this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See* Docket No. 12.

Now before the Court is plaintiff's motion for reconsideration. *See* Docket No. 14. Plaintiff explains that he is not an attorney and questions how "an 'unlawful' 'act' committed by a clerk or judge can escape without [consequence]." *Id.* at p. 1. He requests "reconsideration prior to his lawful right to appeal." *Id.* at p. 3.

A court's reconsideration of a decision is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006). Once judgment has entered as here, the court may only grant relief "if the moving party presents newly discovered evidence, (2) if there has been an intervening change in the law, or (3) if the movant can

demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009); *see also Ferrara v. United States*, 372 F. Supp. 2d 108, 119 (D. Mass. 2005). "[S]imple disagreement with the court's decision is not a basis for reconsideration." *Ofori v. Ruby Tuesday, Inc.*, 205 Fed. Appx. 851, 853 (1st Cir. 2006) (unpublished).

Plaintiff has not met that standard here. He does not present newly discovered evidence or argue that there has been a change in the law. While plaintiff disagrees with the Court's legal analysis, he has not shown that the Court's decision was "based on a manifest error of law or was clearly unjust." As such, Plaintiff's motion must be denied.

Based upon the foregoing, it is hereby ORDERED that:

1. The motion (Docket No. 14) for reconsideration is DENIED; and

2. The prior dismissal of this case remains in effect, and this action remains CLOSED.

**SO ORDERED.**

May 29, 2019                                                               /s/ Allison D. Burroughs
                                                                                                ALLISON D. BURROUGHS
                                                                                                U.S. DISTRICT JUDGE